*E-FILED - 4/24/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PAYTON,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. SADEGHI, et al.,<br><br>    Defendants. | No. C 06-3649 RMW (PR)<br><br>ORDER DENYING RULE 56(f) MOTION AND EXTENDING TIME TO FILE OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT |

    Plaintiff, a California prisoner proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. On September 10, 2008, defendants Novato Community Hospital and The Director of Novato Community Hospital (the "Novato Defendants ") moved for summary judgment as to all claims against them. In response to their motion, plaintiff filed a document titled "Opposition to Motion for Summary Judgment on Behalf of Defendants Novato Community Hospital and The Director of Novato Community Hospital." In his opposition, plaintiff argued that summary judgment should be denied as premature and requested additional sixty days to complete discovery. In particular, plaintiff hoped that further discovery might elicit facts that would establish a relationship between defendant Dr. Sadeghi and the Novato Defendants. On October 17, 2008, the Novato Defendants filed a reply opposing plaintiff's request for additional time.

1  Separately, on January 23, 2009, defendants James E. Tilton, Robert Ayers, J. Sadeghi,
2 M.D. and N. Grannis (the "Individual Defendants ") filed a motion for summary
3 judgment as to all claims against them.  Plaintiff did not file an opposition to this motion.

4     The court construes plaintiff's opposition in response to the Novato Defendants'
5 motion for summary judgement as a motion under Federal Rule of Civil Procedure 56(f).[1]
6 *See Bailey v. City of New York*, 2003 U.S. Dist. LEXIS 7254, *32-33 (S.D.N.Y. May 2,
7 2003) (court construed request for additional discovery from a *pro se* plaintiff in response
8 to a motion for summary judgment as an application pursuant to Rule 56(f)); *see also*
9 *Program Eng'g, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980)
10 (motion to strike portions of summary judgment motion was sufficient to raise Rule 56(f)
11 consideration).  A Rule 56(f) motion requires the moving party to show: "(1) that they
12 have set forth in affidavit form the specific facts that they hope to elicit from further
13 discovery, (2) that the facts sought exist, and (3) that these sought-after facts are
14 'essential' to resist the summary judgment motion."  *State of Cal., on Behalf of California*
15 *Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

16     The court finds that plaintiff's Rule 56(f) motion is not well taken.  Plaintiff
17 neither attached an affidavit to his opposition brief, nor verified his brief.  Furthermore,
18 plaintiff specified only one fact that he hoped to elicit through discovery.  He had not
19 provided a reason why he was unable to complete the discovery related to that fact except
20 to say that he chose to initiate discovery with other defendants first.  Finally, plaintiff now
21 had six additional months to complete discovery rather than requested sixty days.
22 Accordingly, plaintiff's Rule 56(f) motion (docket no. 36) is DENIED.  Plaintiff is

---

[1] Rule 56(f), entitled "When Affidavits are Unavailable," states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:  (1) deny the
> motion; (2) order a continuance to enable affidavits to be obtained, depositions to
> be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).

1  granted **thirty (30) days** from the filing date of this order to oppose the Novato
2  Defendants' and the Individual Defendants' motions for summary judgment.  Plaintiff
3  must file a separate opposition brief with respect to each motion for summary judgment.
4  **No further extensions will be granted except under the most compelling**
5  **circumstances.**  Defendants must file their replies **fifteen (15) days** thereafter.  The
6  motions for summary judgment shall be deemed submitted as of the date the reply briefs
7  are due.  No hearing will be held on the motions unless the court so orders at a later date.
8      IT IS SO ORDERED.
9  DATED: __4/24/09_____      *Ronald M. Whyte*
10      RONALD M. WHYTE
        United States District Judge

Order Denying Rule 56(f) Request and Extending Time to File Opposition to Motions for Summary Judgment
P:\pro-se\sj.rmw\cr.06\Payton649eot          3